Charles BAIRD; Allen L. Appell,
Plaintiffs–Appellants,

and

Edward J. Erler, Plaintiff,

v.

CALIFORNIA FACULTY ASSOCIA-
TION; Kathleen Connell; California
Public Employment Relations Board,
Defendants–Appellees.

No. 00–17399.
D.C. No. CV–00–00999–WBS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2002.

Decided March 14, 2002.

Before REINHARDT, MAGILL * and
FISHER, Circuit Judges.

MEMORANDUM **

In order to have standing at the summary judgment stage, plaintiffs must "set forth by affidavit or other evidence specific facts," *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (quotation marks omitted), showing they have suffered an "injury in fact" that is fairly traceable to the action they seek to challenge. *Friends of the Earth, Inc. v. Laidlaw,* 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610

* The Honorable Frank J. Magill, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

(2000); *Clark v. City of Lakewood,* 259 F.3d 996, 1006 (9th Cir.2001). Plaintiffs brought this action seeking to challenge the constitutionality of defendants' implementation of California Government Code § 3584(a), providing an exemption to the payment of nonmember dues ("agency fees") to those holding conscientious objections to supporting public employee organizations based on the beliefs of their "bona fide religion." *See Wilson v. NLRB,* 920 F.2d 1282, 1285–87 (6th Cir. 1990). But defendants aver that they have never, and will never, implement the bona fide religion factor in their consideration of applications for religious exemption to agency fees requirements. The district court found that plaintiffs lacked standing to bring this action, determining that defendants "denied plaintiffs' applications because ... their beliefs were not 'sincerely held,' a factor which the United States Supreme Court declares is 'a prime consideration to the validity of every claim for exemption as a conscientious objector.' " (quoting *United States v. Seeger,* 380 U.S. 163, 185, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965)). We affirm.

Title VII of the Civil Rights Act of 1964 requires reasonable accommodations of "an employee's ... religious observance or practice." 42 U.S.C. S 2000e(j). We have held it is a reasonable accommodation of religious observance required by Title VII to allow an employee who sincerely holds beliefs antithetical to supporting unions to substitute a charitable contribution for required union dues, and that accommodation does not violate First Amendment rights. *Tooley v. Martin–Marietta Corp.,* 648 F.2d 1239, 1243–46 (9th Cir.1981). Title VII does not contain the "bona fide religion" requirement to which plaintiffs object and defendants aver that they relied only on Title VII standards in rejecting plaintiffs' applications for a religious exemption to the payment of agency fees.

*See International Assoc. of Machinists v. Boeing,* 833 F.2d 165, 169 (9th Cir.1987) (explaining that because "Title VII defines religion as 'all aspects of religious observance and practice, as well as belief,' ... [a]n employee who sincerely held religious beliefs opposing unions could be relieved from paying dues under Title VII, even if he or she was not a member of an organized religious group that opposes unions").

The letter rejecting plaintiffs' applications makes no mention of the bona fide religion factor. It states that defendants considered whether the belief expressed "is in fact religious," and "whether the belief is sincerely held." And in a declaration supporting their cross motion for summary judgment, defendants state that they have not considered, and will not ever in the future consider, whether the individual is a member of a bona fide religion as a factor in denying a religious accommodation to agency fees requirements.

Plaintiffs base their appeal on the initial notice circulated by defendants immediately after the effective date of the Act, which is addressed to individuals requesting an exemption based on "the historically held conscientious objections of their religion." Subsequent to the circulation of that notice, however, the defendants disavowed use of the bona fide religion factor, implicitly in their rejection letter and explicitly in the declaration submitted in connection with the summary judgment motions. Plaintiffs failed to controvert defendants' statements through discovery or otherwise, determining to rely instead solely on the initial notice. On the record before us, we conclude that the district court properly found that plaintiffs lacked standing to bring this action because plaintiffs failed to set forth specific facts showing that their injury is fairly traceable to the implementation of the bona fide religion factor, the

action they seek to challenge. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (explaining that "a mere 'scintilla' of evidence" is not sufficient to warrant a trial).[1]

AFFIRMED.

---

1. The district court did not explain clearly what role in its analysis was played by its determination that the defendants denied plaintiffs' applications because their beliefs were not sincerely held, rather than based on their bona fide religions. We interpret that determination as supporting an unstated premise that plaintiffs' injury was not fairly traceable to the action they seek to challenge, and affirm the district court on that basis. Because we can affirm on any basis supported by the record, *Tanaka v. Univ. of S. California*, 252 F.3d 1059, 1062 (9th Cir. 2001), whether our interpretation of the district court's opinion is correct is immaterial to our decision.